06-22986

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____



DEBORAH LEE SCHMIDT,

    Plaintiff;

v.

CARNIVAL CORPORATION, a
Panamanian corporation d/b/a
"CARNIVAL CRUISE LINE" and/or
"CARNIVAL",

    Defendant.

_____

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, DEBORAH LEE SCHMIDT [hereinafter "Plaintiff"], by and through her undersigned counsel, sue the Defendant CARNIVAL CORPORATION, a Panamanian corporation d/b/a "CARNIVAL CRUISE LINE" and/or "CARNIVAL" [hereinafter collectively "CARNIVAL"], and alleges:

## GENERAL ALLEGATIONS

1.  This is an action for damages in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars and jurisdiction of this claim is founded upon 28 U.S.C.A, § 1332 (a) (diversity of citizenship).  This claim also arose within the general maritime jurisdiction of the United States.

2.     Plaintiff, DEBORAH LEE SCHMIDT is a U.S. citizen who resides and is domiciled in the State of Texas.

3.     Defendant CARNIVAL CORPORATION is a Panamanian corporation which does business as "CARNIVAL CRUISE LINES" and/or "CARNIVAL," and has its principal place of business in Dade County, Florida.

4.     Defendant CARNIVAL, at all relevant times, owned and operated the cruise ship *M/S Carnival Conquest.*

5.     On or about December 9, 2005, and at all relevant times, the Plaintiff was a fare-paying passenger aboard the subject vessel pursuant to the terms of CARNIVAL'S form ticket.

6.     The Defendant CARNIVAL, at all relevant times, owed the Plaintiff, as a fare-paying passenger, a duty to exercise reasonable care under the circumstances for her safety.

7.     The Defendant CARNIVAL, at all relevant times, negligently created and/or maintained a dangerous condition on or about the vessel, *to wit*:  a dangerous or defective interior staircase/ladder, intended for crew member use and not for the use by fare-paying passengers, such as Plaintiff.   The staircase/ladder was dangerous or defective for fare-paying passengers in non-emergency situations as it was not attended by crewmembers to assist those passengers; there was inadequate handrails; it was improperly sloped; and/or the stair step rise was irregular and of varied height, with the depth of the last step being significantly deeper than the other steps. These conditions were known, or should have been known to, or were created and/or maintained by Defendant, CARNIVAL.

2

8.     Defendant CARNIVAL and/or its employees at all material times undertook to maintain the subject staircase/ladder and/or to have it attended by personnel at all relevant times and therefore had a duty to exercise reasonable care under the circumstances in those undertakings.

9.     Defendant CARNIVAL and/or its employees at all times material hereto had a duty to provide and direct fare-paying passengers to a safe staircase/ladder in order to reach the tenders on the vessel.  Defendants were negligent in directing Plaintiff to use a dangerous or defective staircase/ladder that was not approved for use by passengers under non-emergency situations; that was not attended by crewmembers to assist those passengers; that had inadequate handrails; that was improperly sloped; and/or, that had a stair step rise which was irregular and of varied height, with the depth of the last step being significantly deeper than the other steps.

10.     Defendant CARNIVAL also had a duty to comply with the International Safety Management (ISM) Code and other applicable statues, codes and standards, including those concerning staircases/ladders by use of fare-paying passengers.

11.     Defendant CARNIVAL, at all relevant times, negligently breached its aforementioned duties, and violated the ISM Code and other relevant standards, by negligently maintaining, negligently creating and/or negligently failing to see that there was a reasonably safe staircase/ladder for use by fare-paying passengers, such as Plaintiff, in order to reach the tenders; and/or by negligently failing to provide personnel to assist such persons; and by otherwise failing to keep records, or identify root causes, or take corrective action or otherwise maintain and carry out a safety management system pursuant to the ISM Code.

3

12.     As a direct and proximate result of the negligence of Defendant CARNIVAL, the Plaintiff, on or about December 9, 2005, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, aggravation of a preexisting condition, and incurred expense of hospitalization, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature and the Plaintiff will suffer the losses and impairment in the future.

13.     All conditions precedent to the maintenance of this lawsuit has been met by the Plaintiff.

WHEREFORE the Plaintiff demands judgment for damages against Defendant CARNIVAL and demands a trial by jury.

CLARK, DEPEW & TRACEY, Ltd., LLP
440 Louisiana, Suite 1600
Houston, Texas  77002
(713) 757-1400 (Telephone)
(713) 759-1217 (Fax)
Karp@clarkdepew.com

By: _____
Roberta V. Karp
Florida Bar No. 354198

**CIVIL COVER SHEET**

03 - 22986

JS 44 (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DEBORAH LEE SCHMIDT | CARNIVAL CORPORATION, a Panamanian Corporation d/b/a "CARNIVAL CRUISE LINE" and/or "CARNIVAL" |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Dade County, Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.  MAGISTRATE JUDGE BROWN

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

ROBERTA J. KARP        (713) 757-1400
Clark, Depew & Tracey, Ltd., LLP
440 Louisiana, Suite 1600
Houston, TX 77002

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

Ordered @ 22986 / Hoeveler / Brown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☑ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 USCA § 1332 (a) (diversity of citizenship)

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____    DATE _____

FOR OFFICE USE ONLY

AMOUNT $350.00  RECEIPT # 951365  FP

12/11/06